THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY E. KANE and Another, Appellants.

*Trial under an indictment for injury to personal property — when the verdict of a jury will not be disturbed.*

Upon a trial under an indictment charging the accused with having unlawfully and willfully injured personal property, the evidence showed that the defendants destroyed the complainant's boat, which at the time was on or near premises owned by one Edward Kane, the father of the defendant Henry E. Kane. The defendants claimed that the owner of the boat persisted in trespassing upon said premises, and that the destruction of the boat was necessary in order to protect the property.

The only question submitted to the jury was as to whether the acts of the defendants were wanton and unnecessary to successfully protect and defend the possession of the land, to which the jury returned a verdict of guilty.

*Held,* that their finding should not be disturbed.

APPEAL by the defendants, Henry E. Kane and another, from a judgment of the Court of Sessions of the county of Suffolk, rendered on the 6th day of June, 1893, on the verdict of a jury convicting

the defendants of a misdemeanor upon an indictment for unlawfully and willfully injuring personal property.

*Livingston Smith*, for the appellants.

*Benjamin H. Reeve, District Attorney*, for the People, respondent.

PRATT, J.:

This is an appeal from a conviction upon an indictment for unlawfully and willfully injuring personal property.

The trial was had in the Court of Sessions for Suffolk county on the 6th of June, 1893. The evidence showed that the defendants willfully destroyed the complainant's boat which at the time was on or near defendants' land.

The defendants claimed that the owner of the boat persisted in trespassing upon the premises of one Edward Kane, the father of Henry E. Kane, of which premises they had charge, with his boat, and that the destruction of the boat was necessary in order to protect his possession of his own property.

The charge of the judge was eminently fair and as favorable to the defendants as the case warranted.

The issue submitted to the jury, there being no dispute as to the acts of the defendants in destroying the boat, was whether the acts were necessary and proper to protect the property rights of Edward Kane.

The contention of the defendants that Edward Kane was the owner of the land where the boat was placed by the owner and that the boat was not rightfully there, was assumed by the court, so that substantially the only question for the jury was whether the acts of the defendants were wanton and unnecessary to protect and defend successfully their possession of the land.

The jury returned a verdict of guilty and found the value of the boat at twenty-eight dollars.

There are several exceptions to the rulings of the court, but upon examination we find no error sufficient to warrant a reversal of the judgment.

The conviction should be affirmed.

DYKMAN, J., concurred.

Conviction and judgment affirmed.